# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. HOLLINGSHEAD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:13CV315 JCH |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Michael G. Hollingshead's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate"), (ECF No. 1), filed on February 19, 2013 pursuant to 28 U.S.C. § 2255. The matter has been fully briefed and is ready for disposition.

On July 14, 2011, a grand jury indicted Hollingshead on three separate counts of knowing possession of child pornography produced using materials that traveled in interstate and foreign commerce, in violation of 18 U.S.C. § 2252A(a)(5)(B). (4:11CR301-JCH, ECF No. 1). Hollingshead pleaded guilty to all three counts on November 28, 2011 and received a 51-month sentence on April 4, 2012. (4:11CR301-JCH, ECF Nos. 38, 39, 55). He then filed a notice of appeal on April 17, 2012. (4:11CR301-JCH, ECF No. 59). On May 31, 2012, the Eighth Circuit dismissed, on the Government's motion, Hollingshead's appeal because he had waived his right to appeal as part of the Plea Agreement. (Government Response, ECF No. 3, at 3; 4:11CR301-JCH, ECF No. 69). Hollingshead filed this Motion to Vacate on February 19, 2013. (ECF No. 1). Briefing was completed on June 17, 2013. (ECF Nos. 3, 5).

Hollingshead's Motion to Vacate contains three grounds for relief: 1) ineffective assistance of counsel for failing to argue for a lower sentence based on 18 U.S.C. 3553(f) and for

failing to make Hollingshead aware that such an argument is possible; 2) ineffective assistance of counsel for failure to alert Hollingshead of his right to "object to statements/purported facts during sentencing[;]" and 3) ineffective assistance of counsel and prosecutorial misconduct based on his own attorney's and the Government's failure to present certain exculpatory evidence. (Motion, ECF No. 1).[1]

## STANDARDS GOVERNING § 2255 MOTIONS

Under § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255. The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255(b)). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw*, 24 F.3d at 1043 (citation omitted).

---

[1] There is also a fourth claim implied in Hollingshead's reply—that his counsel was ineffective for falsely promising Hollingshead would receive only probation if he were to plead guilty. Hollingshead raised that claim for the first time in his reply, and it is therefore not properly before the Court. *Smith v. United States*, 256 Fed. App'x 850, 852 (8th Cir. 2007) (citing *Hohn v. United States*, 193 F.3d 921, 923-24 (8th Cir. 1999). Even if it were properly before the Court, the claim is without merit because it is contradicted by the record. (Plea Transcript, 4:11CR301-JCH ECF No. 75, 9:4-12).

# INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on an ineffective assistance of counsel claim, a claimant must show that his attorney's performance was "deficient," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial [or other proceeding at which the defendant was entitled to effective counsel] cannot be relied on as having produced a just result." *Id.* at 686.

Demonstration of the performance prong is not an easy task because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

And even if a claimant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 691. To demonstrate sufficient prejudice, the claimant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

# DISCUSSION

*I. Failure to Raise Argument Under 18 U.S.C. § 3553(f)*

Hollingshead's first ineffective assistance claim is unclear. He claims that his attorney was ineffective for failing to make an argument under 18 U.S.C. § 3553(f), which allows sentencing courts in certain situations to impose sentences below the statutory minimum for violations of the Controlled Substances Act and the Controlled Substances Import and Export

Act. Hollingshead was not convicted under either act. As the Government points out, "[i]t is possible that Hollingshead has confused 18 U.S.C. § 3553(f) with 18 U.S.C. § 3553(a)." (Government Response at 6). If Hollingshead meant § 3553(a), then his argument would be that his counsel was ineffective for failing to argue, based on the § 3553(a) sentencing factors, for a downward variance from the U.S. Sentencing Guidelines ("Guidelines") recommendation.

Given that Hollingshead did not contest the Government's interpretation in his Reply, the Court interprets Hollingshead's claim to contend that his counsel was ineffective for failing to argue for a downward variance under § 3553(a). This claim must fail because the parties agreed in the Plea Agreement "that in exchange for the Government's agreement to not pursue a four-level increase in the offense level due to the fact that the material possessed by defendant portrayed sadistic and masochistic conduct, neither part shall request a sentence above or below the U.S. Sentencing Guidelines range[.]" (Plea Agreement, 4:11CR301-JCH ECF No. 39, at 2). This promise not to argue for a downward variance was binding on Hollingshead. *U.S. v. His Law*, 85 F.3d 379 (8th Cir. 1996) (per curiam). Hollingshead's attorney could not be considered constitutionally inadequate for failing to make an argument he agreed not to make.

*II. Failure to Object to Facts at Sentencing*

Hollingshead's second claim is that his attorney was ineffective for failing to object to certain facts at the sentencing hearing and for failing to make Hollingshead aware that such objections were possible. (Motion at 5). Hollingshead sets out only a conclusory version of the claim in his motion, but he clarified the claim in his Reply by providing some detail. (Hollingshead Reply, ECF No. 5, at 3). The sentencing court imposed a special condition of supervised release under which Hollingshead must abstain from the use of alcohol. (Sentencing Transcript, 4:11CR301-JCH ECF No. 65, 12:12-15). The court based the imposition of the

special condition on Hollingshead's history of alcohol abuse, "including an arrest for driving while intoxicated." *Id.* Hollingshead now contends that his counsel was ineffective because he failed to object to the abstinence special condition based on the fact that Hollingshead was never found guilty of driving while intoxicated. (Hollingshead Reply at 3).

But the arrest was not the sentencing court's only basis for imposing the special condition. According to the Presentence Investigation Report ("PSR"), Hollingshead "reported that at the time the arrest warrant was issued in the instant offense, he was drinking a little more than six beers a day until he 'built up a tolerance to it.'" (Final PSR, 4:11CR301-JCH ECF No. 43, ¶ 48). Hollingshead also indicated that at the time of the report, he was drinking up to a six pack of beer a day, four to five days a week.[2] *Id.* Based on those findings, the sentencing court's conclusion that Hollingshead had a history of alcohol abuse was reasonable, and the special condition to abstain from alcohol was "reasonably related to . . . the history and characteristics of the defendant[.]" *United States v. Thompson*, 653 F.3d 688, 691 (8th Cir. 2011) (internal quotation marks omitted). Thus, any failure to point out that Hollingshead was not convicted of driving while intoxicated—a fact already known by the sentencing court from its review of the PSR—was not constitutionally prejudicial or constitutionally deficient.

### III. Failure to Present Exculpatory Evidence

Hollingshead's final claim contains two subparts. The first is that his attorney was ineffective for failing to present certain exculpatory evidence. (Motion at 7). The second is that the Government's attorneys engaged in prosecutorial misconduct for failure to present the same evidence. *Id.* Hollingshead claims that the nature of this evidence was such that it "could have had enough mitigating weight to have the charges dropped" or would at least have warranted a

---

[2] Hollingshead did not object to the "Substance Abuse" portion of the PSR even though he was made aware of his ability to do so at the plea hearing. (Plea Transcript, 4:11CR301-JCH ECF No. 75, 18:17-19:1).

sentence below the Guidelines. *Id.*; (Hollingshead Reply at 2). While Hollingshead again did not provide specific examples of exculpatory evidence in his motion, he supplemented the claim in his Reply with more detail.

A brief examination of what Hollingshead believes to be exculpatory evidence demonstrates that both his ineffective assistance claim and prosecutorial misconduct claim must fail. The facts Hollingshead believed to be exculpatory were:

> the illicit material being such an insignificant amount compared to the non-illicit material; the Limewire program having been removed from my computer of my own accord before the search warrant was executed; my own attempts to remove the illicit material (in progress when the search warrant was executed); and the abject lack of conduct otherwise detrimental to minors all connotating [sic] that the possession of the illicit material was an anomaly, not a harbinger of future conduct, and an unfortunate coincidence that should be ignored.

(Hollingshead Reply at 1-2).

Police officers found on Hollingshead's computer and in his mother's home "216 video files depicting minors engaged in sexual activity with adults and other minors[.]" (Plea Agreement at 4). Defendant admitted to possession of eight of those video files. *Id.* at 4-6. Even if this could be considered an insignificant amount by some standard, it was still child pornography, and some of it was contained on discs that had travelled in interstate commerce. *Id.* at 4-5. Nor is there any reason to believe that the sentencing court would have reduced its sentence had Hollingshead presented the cited evidence at the sentencing hearing. In short, the excluded facts on which Hollingshead bases his third claim could not be considered exculpatory. Therefore, neither his attorney nor the Government committed constitutional error by failing to bring it forward.

Accordingly,

**IT IS HEREBY ORDERED** that movant Michael G. Hollingshead's Motion to Vacate, Set Aside, or Correct Judgment pursuant to 28 U.S.C.§ 2255, (ECF No. 1), is **DENIED** and **DISMISSED WITH PREJUDICE.** A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that, because Movant Michael G. Hollingshead cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Dated this 2nd day of April, 2014.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE